```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
UNITED STATES OF AMERICA,               :
                                        :
            -v-                         :   S28 04 Cr. 48 (JSR)
                                        :
KASIEM SMITH,                           :   MEMORANDUM ORDER
                                        :
            Defendant.                  :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Defendant Kasiem Smith moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), based on the recent amendment to the United States Sentencing Guidelines (the "Guidelines"), which lowered the base offense levels applicable to crack cocaine offenses. Upon consideration, defendant's motion is denied.

On January 11, 2007, defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. Defendant's plea agreement stipulated to a Guidelines calculation that included the stipulation that defendant was a "career offender" under Section 4B1.1 of the Guidelines, resulting in a Guidelines range of 188 to 235 months. The parties agreed, however, that defendant could request a non-Guidelines sentence below the career offender range on the ground that defendant's career offender status overstated the seriousness of his criminal history.

The Probation Department's Presentence Report dated April 25, 2007 (the "PSR") similarly designated defendant as a career offender pursuant to U.S.S.G. § 4B1.1, and calculated the base offense level

at 34, the total offense level at 31, and the criminal history category at VI, resulting in a Guidelines range of 188 to 235 months. See PSR ¶¶ 129, 131, 154, 199. Following receipt of the PSR but prior to defendant's sentencing, defense counsel submitted a lengthy written submission, arguing that a non-Guidelines sentence substantially below the 188 to 235-month range was warranted because, inter alia, defendant's career offender status materially overstated the seriousness of his offense and his criminal history.

On May 10, 2007, the Court held a sentencing hearing. At that hearing, the Court adopted the PSR's calculations and determined, with the parties' full consent, that the applicable Guidelines range was 188 to 235 months. See transcript 5/10/07 at 2-3. Although the Court noted its agreement with the parties that as a matter of law the career offender provisions applied to defendant, id. at 3, the Court also observed that in a less technical sense defendant did "not really fit the career offender model" in all respects. Id. at 33-34. After careful consideration of the factors enumerated in 18 U.S.C. § 3553(a), the Court imposed a non-Guidelines sentence of 110 months' imprisonment, id. at 35, a sentence that was below defendant's career offender range but above his non-career offender range.

Turning to the instant motion, defendant argues that, notwithstanding the fact that the recent amendment to the crack Guidelines did not have the effect of lowering his career offender Guidelines range, he is nevertheless eligible for a reduction of

2

sentence because his sentence was "based," at least in part, on the sentencing Guidelines that would have applied were he not considered a career offender.  The Court is not persuaded.

Pursuant to § 3582(c)(2), a defendant's sentence may only be reduced when "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Although the policy statements do not "categorically exclude career offenders" from the benefit of a section 3582 resentencing, United States v. Spurlock, 2008 WL 1805750, at *5 (M.D. Pa. April 18, 2008), § 1B1.10(a)(2)(B) does categorically exclude defendants as to whom an amendment to the Guidelines "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B) (noting that sentence reductions for defendants in such circumstances are not authorized under section 3582(c)(2)).

Here, defendant's Guidelines range has not changed as a result of the recent crack amendment, because, with the parties' express agreement, defendant's range was calculated under the career offender guideline, not the crack cocaine guideline, and there was no downward departure under the Guidelines.  Accordingly, defendant is not eligible for a reduction in sentence.  See United States v. McGee, 553 F.3d 225, 227 (2d Cir. 2009) (noting that the consensus among courts is that "a defendant who is sentenced as a career offender, but does not receive a downward departure" from the career offender guideline range down to the crack guideline range does not qualify "for a reduced sentence under the amendments") (collecting

3

cases); United States v. Barnett, 90 CR 913, 2009 U.S. Dist. LEXIS 23436, at *5 (S.D.N.Y. Mar. 4, 2009) (holding that the recent amendment to the crack cocaine Guidelines "does not qualify Defendant for a sentencing reduction under § 3582(c)(2) because Defendant was originally sentenced pursuant to the guideline range for [career offenders]"); see also United States v. Liddell, 543 F.3d 877, 882 & n.3 (7th Cir. 2008); United States v. Thomas, 524 F.3d 889, 890 (8th Cir. 2008) (per curiam); United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008); United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008); cf. United States v. Williams, 551 F.3d 182, 185-86 (2d Cir. 2009) ("Once the mandatory minimum applied, [defendant's] sentence was no longer 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission'") (quoting 18 U.S.C. § 3582(c)(2)).

In McGee, the Second Circuit considered the "narrow question" of whether a defendant "who at sentencing was designated a career offender but granted a departure so that he was ultimately sentenced based on the crack cocaine . . . guidelines, is eligible for a reduced sentence" pursuant to the new crack Guidelines. 553 F.3d at 225-26. In that case, the sentencing judge granted defendant a downward departure under the Guidelines based on a finding that defendant's career offender status overstated his criminal history, and departed "to the level that the defendant would have been in absent the career offender status calculation and consideration." Id. at 227. The Second Circuit concluded, based on its review of the record, that it was "apparent that [defendant] was sentenced 'based

4

on' a sentencing guideline range that was subsequently lowered by the Sentencing Commission because the district court premised [defendant's] ultimate sentence on the crack cocaine guidelines." Id.

Here, by contrast, the Court determined, with defendant's concurrence, that the applicable Guidelines range was the career offender range specified in U.S.S.G. § 4B1.1, i.e., 188 to 235 months, rather than the crack cocaine range specified in U.S.S.G. § 2D1.1.  The Court never made any alternative findings regarding defendant's offense level or the applicable Guidelines range. Instead, the Court proceeded to impose a non-Guidelines sentence of 110 months, a sentence that was below defendant's career offender range but above his non-career offender range.  Defendant's sentence was thus not "based on" or otherwise tied to the crack cocaine Guidelines, but instead represented the Court's application of the factors set forth in section 3553(a).  The mere fact that defense counsel argued in his sentencing submission that the Court should take defendant's non-career offender range into account is of no moment in the absence of any express indication that the Court accepted that analysis.  Accordingly, because defendant has pointed to "no evidence that the Guidelines range calculated under U.S.S.G. § 2D1.1(c) played any role in [this Court's] determination of his sentence," Williams, 551 F.3d at 184, defendant is not eligible for a sentence reduction based on the amendments to the crack Guidelines.

This conclusion is further warranted in light of U.S.S.G. § 1B1.10(b)(2)(B), which provides that "if the original term of

5

imprisonment constituted a non-guidelines sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate." Thus, even assuming that a reduction were otherwise authorized in this case (and it is not), such a reduction would nevertheless be, in the Court's view, inappropriate and unwarranted in light of the extensive sentence reduction that defendant already has received in the form of a non-Guidelines sentence.

Defendant further argues that the Sentencing Commission's policy statements do not disqualify him for a sentence reduction, because they, like the Guidelines themselves, are discretionary pursuant to United States v. Booker, 543 U.S. 220 (2005) and its progeny. The Court disagrees.

It is well-established that a Court "may not generally modify a term of imprisonment once it has been imposed." Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007); see United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009) ("Congress has authorized courts to modify a term of imprisonment only in limited circumstances"). Although 18 U.S.C. § 3582(c)(2) provides a narrow exception to this rule and permits a reduction of sentence for a defendant whose term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," such reductions are only permissible if "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 2582(c)(2), including the policy statement forbidding reductions

6

where the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

These limits on this Court's authority to reduce a sentence under are jurisdictional, see United States v. Cruz, 560 F. Supp. 2d 198, 202 (E.D.N.Y. 2008), and the Second Circuit has made clear that this Court is "bound by the language" of such policy statements, because "Congress has made it clear that a court may reduce the terms of imprisonment under § 3582(c) only if doing so is 'consistent'" with such statements. Williams, 551 F.3d at 186; see Poindexter v. United States, 556 F.3d 87, 89 (2d Cir. 2009) ("A sentencing court may not modify a sentence once it has been imposed except under the limited conditions set forth in 18 U.S.C. § 3582") (emphasis added); United States v. Thomas, 135 F.3d 873, 876 (2d Cir. 1998) ("Congress has imposed stringent limitations on the authority of courts to modify sentences, and courts must abide by those strict confines"). Accordingly, this Court has no authority to reduce defendant's sentence, because the applicable Guidelines range has not changed.

Moreover, because the Supreme Court's Sixth Amendment sentencing jurisprudence (including Booker, which rendered the Guidelines advisory under section 3553(a)), did not affect Congress's and the Sentencing Commission's authority to determine whether and "in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced," 28 U.S.C. § 994(u), such decisions have no impact on the limitations placed on retroactive sentence reductions under section 3582(c).

7

See, e.g., United States v. Diggins, 03 CR 801, 2008 WL 4054413, at *2 (S.D.N.Y. Aug. 27, 2008) (Booker and its progeny "do not render the Sentencing Commission's policy statements advisory under 3582(c)(2)") (collecting cases); United States v. Jiminez, 04 CR 329, 2008 WL 2774450, at *1 (S.D.N.Y. July 16, 2008); Montes v. United States, Nos. 07 Civ. 9869 & 04 CR 242, 2008 U.S. Dist. LEXIS 26985, at *6 (S.D.N.Y. April 3, 2008); Cruz, 560 F. Supp. 2d at 202; see also United States v. Wise, 515 F.3d 207, 221 n.11 (3d Cir. 2008) ("Nothing in [Booker] purported to obviate the congressional directive on whether a sentence could be reduced based on subsequent changes in the Guidelines"); United States v. Hudson, 242 Fed. Appx. 16 (4th Cir. 2007); United States v. Moreno, 421 F.3d 1217, 1220-21 (11th Cir. 2005) ("neither § 3582(c)(2) nor Booker provide[] a jurisdictional basis to reduce [defendant's] sentence"). Accordingly, just as Booker "cannot be the basis for a Section 3582(c)(2) motion to modify a sentence," Cortorreal, 486 F.3d at 744, it likewise cannot be the basis for a sentence reduction that is not authorized by Congress and the Sentencing Commission.

For all of the foregoing reasons, defendant's motion for a reduction of sentence is hereby denied. The Clerk of the Court is directed to close document number 598 on the Court's docket.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       April 28, 2009

8